Donald J. Runnals
9 Middle Road
Lafayette, California state

FILED
AUG 23 2023
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>Donald James Runnals<br><br>Petitioner/Debtor.<br>_____/ | Case No.: 23-40678-WJL13<br>(Chapter 13)<br><br>**NOTICE OF DEBTOR'S MOTION AND MOTION TO REOPEN CHAPTER 13 CASE AND, IF APPLICABLE, TO VACATE DISMISSAL** |

TO THE HONORABLE COURT AND ALL PARTIES OF INTEREST:

COMES NOW the Debtor, Donald James Runnals, as a pro se, who relies upon **Haines v. Kerner**, 1972, 404 U.S. 519 in the above-captioned matter, thereby debtor moves the court for an order reopening the case for the following reason:

1. To not file federal tax forms pursuant to Title 11 U.S.C. 551(e) as the basis for dismissing Debtor's Chapter 13 fails to address the status of Debtor being an American Citizen and not a U.S. Citizen as contemplated in the Fourteenth Amendment and the caselaw that clearly make distinction between U.S. Citizenship vs. state citizenship.

2. The following grounds exist under **FRCP 60** for entry of an order reopening and, if applicable, an order vacating the dismissal:

   3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
   4) the judgment is void; or
   5) any other reason that justifies relief.

3. The debtor in good faith offers evidence to support a finding that grounds exist as indicated above. Debtor is a pro se petitioner and in good faith filed on August 2, 2023 with the court a Notice of and Affidavit of Impecuniosity that clearly states that Debtor has never received anything in the way of taxable income that would warrant the filing of a federal tax return as a matter of law. That Affidavit stands unrebutted in the record after all purported parties of interest have received notice and opportunity to dispute the contents of said affidavit and therefore have since waived any right to dispute the contents and/or veracity of said affidavit and therefore the contents of said affidavit must be deemed admitted as a matter of law as reflected in your rules of procedure such as FRCP 8(b)(6).

4. The cited provision for said dismissal is the Trustee's reliance upon Title 11 U.S.C. 521(e) which states in pertinent part:

> (2)(A) The debtor shall provide-
>
> (i) not later than 7 days before the date first set for the first meeting of creditors, to the trustee **a copy of the Federal income tax return <u>required under applicable law</u>** (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; and
> (ii) at the same time the debtor complies with clause (i), a copy of such return (or if elected under clause (i), such transcript) to any creditor that timely requests such copy.
>
> **(B) If the debtor fails to comply** with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case <u>**unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor**</u>.
>
> Emphasis added <u>**bold**</u> mine

The "circumstances beyond the control of the Debtor" was previously detailed in Debtor's Affidavit of Impecuniosity regarding Public Law 73-10, Chap 48, 48 Stat 112 House Joint Resolution 192 of June 5, 1933 as amended that apparently the Trustee

either failed to review or simply disregarded the same to the detriment of Debtor's inherent rights secured by the Constitution of the United States that said Trustee was required to swear an oath of office to support and defend said constitution as provided in Title 5 U.S.C. 3331. Given said Trustee's failure to either agree, dispute, reject or otherwise respond to Debtor's Affidavit of Impecuniosity and Debtor's Opposition to Trustee's Motion to Dismiss then to turn around and move the court to dismiss Debtor's Chapter 13 bankruptcy is not only immoral and unethical but a criminal deprivation of the intangible right to honest service that said Trustee owes this Debtor as a matter of law in general, but in specific the inherent right to the full due process of law. Trustee's nonresponse to Debtor's affidavit and opposition is covered by FRCP Rule 8(b)(6), thus Trustee admits to the validity of the contents of said Affidavit and opposition as a matter of law and the dismissal is unwarranted and the Chapter 13 case must be reopened.

## THE TERRITORIAL JURISDICTION OF CONGRESS IS LIMITED BY THE CONSTITUTION

5. Debtor states for the record that 11 U.S.C. § 551(e) territorial application is wholly misplaced in this instant Chapter 13 for a number of reasons. Beginning with 11 U.S.C. § 101 definitions that cover the entire Title 11 U.S.C., at subparts (52) and (55) defines State and United States as follows:

> (52) The term "**State**" includes the District of Columbia and Puerto Rico, except for the purpose of defining who may be a debtor under chapter 9 of this title.
>
> (55) The term "**United States**", when used in a geographical sense, includes all locations where the judicial jurisdiction of the United States extends, including territories and possessions of the United States.     Emphasis added **bold** mine

6. Clearly the territorial jurisdiction for Title 11 is limited to the District of Columbia, Puerto Rico, Territories, and possessions of the United States of which California is not

one of them. In fact, it is clear as a matter of law that any Act of Congress is territorially limited by the Constitution of the United States. The Supreme Court of the United States (SCOTUS) has well settled the fact that Congress has neither right, power, privilege, permission, authority, etc., to ever legislate for a given state republic admitted into the American Confederacy (called Union today) which in this case California is, given its admission into the American Confederacy on September 9, 1850, as a matter of law. The case law on this issue of law is about "as long as a man's arm." Let us remember that any Act of Congress is locally applicable to the territorial venue of the District of Columbia, federal territories, federal possessions, and federal enclaves as being the constitutionally mandated legislative jurisdiction of Congress as held by the Supreme Court of the United States in multiple decisions that have remained unchanged in some two hundred plus years of adjudication.

> See ***U.S. v. Bevans***, 16 U.S. (3 Wheat) 336 (1818), ***People v. Godfrey***, 17 Johns. 225, 233 (N.Y. 1819), ***Fort Leavenworth Railway Co. v. Iowa***, 114 U.S. 525 (1885), ***Jones v. U.S.***, 137 U.S. 202, 11 S.Ct. 80 (1890), ***O'Donoghue v. U.S.***, 289 U.S. 516 (1933), 77 L.Ed 1356, 53 S.Ct. 74; ***Mookini v. U.S.***, 303 U.S. 201 at 205 (1938), 82 L.Ed 748, 58 S.Ct. 543. ***Owen Equip. & Erection Co. v. Kroger***, 98 S.Ct. 2396, 437 U.S. 365, 57 L.Ed.2d 274 (1978),

Again, it is a fact that any Act of Congress is locally applicable in the territorial jurisdiction of the District of Columbia, federal territories, federal possessions, and federal enclaves as stated in the Constitution. See Title 4 USC §72, Title 28 USC §2071, §2072, Title 18 USC § 3156(a) (2), (5), (b) (2), FRCP Rule 81(d) (3), FRCrimP Rule 1(b) (9), to wit:

> "... *The laws of Congress in respect to those matters **do not extend** into the territorial limits of the states,* [venue here] *but have force only in the District of Columbia and other places that are within the exclusive jurisdiction of the national government.*" ... ***Caha v. United States***, 152 U.S. 211 (1894). "Special provision is made in the Constitution for the cession of jurisdiction from the states over places where the federal government shall establish forts or other military works. And *it is only in these places or in the territories of the United States where it can exercise a general jurisdiction.*" ***New***

*Orleans v. United States*, 35 U.S. 10 Pet. 662 662 (1836); **United States v. Dewitt**, 76 U.S. 9 Wall. 41 41 (1869); **Pollard's Lessee v. Hagan**, 44 U.S. 3 How. 212 212 (1845); **Louisville & Nashville R. Co. v. Mottley**, 211 U.S. 149 (1908); **Foley Bros., Inc. v. Filardo**, 336 U.S. 281 (1949); **United States v. Spelar**, 338 U.S. 217 (1949). emp added mine. See also JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES REPORT OF THE INTERDEPARTMENTAL COMMITTEE FOR THE STUDY OF JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES - PART II. "

7. Trustee knew or should have known the foregoing prior to moving to dismiss Debtor's Chapter 13. The application for Title 11 U.S.C. 551 like the rest of the Acts of Congress can only be implemented in California state on land that has been ceded to the United States of America as stated in say for example, California Revenue & Taxation Code 130(f) which provides thus:

> (f) "**In this state**" means within the exterior limits of the State of California, and includes all territory within these limits owned by, or ceded to, the United States of America.
> Emphasis added **bold** mine.

That is where any Act of Congress can lawfully be applied in California state. The murder case **U.S v. Bateman**, 34 F. 86, (1888) is such a fascinating case dealing with territorial jurisdiction for the court's consideration. Bateman case took place in California at the Presidio and the 9th Circuit Court of Appeals held:

> "The Presidio military reservation, in the city and county of San Francisco, is not a place 'under the exclusive jurisdiction of the United States;' and a homicide committed within the reservation is not an offense against the United States, within the meaning of section 5339, Rev. St.
>
> A homicide committed within said Presidio military reservation is not an offense over which the courts of the United States have jurisdiction."

Bateman murdered the guy right on the federal base and yet could not be prosecuted by the United States because the land had not been ceded to the United States of America by California. Wow. So, at the time of this horrible event the Presidio was not "in this state" as defined in R&T Code 130(f) supra. Thus, federal law did not lay as a

Case: 23-40678    Doc# 38    Filed: 08/23/23    Entered: 08/23/23 16:01:09    Page 5 of 12

matter of law as the evidence showed no federal enclave had been established at that time. It did however establish a federal enclave at the time of the case of **U.S. v. Watkins** 22 F.2d 437 (1927), who tried to no avail to raise Bateman's argument when he Watkins murdered on the Presidio. California had ceded territorial jurisdiction prior to Watkins case. Territorial jurisdiction is absolutely key in the application of the laws.

## IRS LACKS TERRITORIAL JURISDICTION

8. The Constitution is unambiguous about defining WHAT Congress is authorized to do and WHERE Congress can do it. The IRS being a creature of federal statute cannot tax where the Congress cannot legislate. Specifically with respect to "where" Congress enjoys legislative, i.e., police/taxing jurisdiction, the Constitution reads:

> "To exercise exclusive legislation in all cases whatsoever, over such District (not exceeding ten miles square) as may, by cession of particular states, and the acceptance of Congress, become the seat of the government of the United States, and to exercise like authority over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dockyards, and other needful buildings;" Constitution: Article 1, Section 8, Clause 17

The Department of Justice's own Criminal Resource Manual documents the true limits of the DOJ's police authority:

> 664 Territorial Jurisdiction Of the several categories listed in 18 U.S.C. § 7, Section 7(3) is the most significant, and provides: The term "special maritime and territorial jurisdiction of the United States," as used in this title, includes: . . . (3) Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, *or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.*

As is readily apparent, this subsection, and particularly its second clause, bears a striking resemblance to the 17th Clause of Article I, Sec. 8 of the Constitution. This clause provides:

> "The Congress shall have power. . . To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over *all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings.*" (Emphasis added.)

The constitutional phrase "exclusive legislation" is the equivalent of the statutory expression "exclusive jurisdiction." See **James v. Dravo Contracting Co.**, 302 U.S. 134, 141 (1937), citing, **Surplus Trading Co. v. Cook**, 281 U.S. 647, 652 (1930). As such the citation of 11 U.S.C. 551(e) as authority for dismissal of Debtor's Chapter 13 is unlawful. Again, Trustee as one "legally trained" knew or should have known the foregoing before moving to dismiss Debtor's Chapter 13 petition.

Perhaps the Trustee is unfamiliar with the 2nd inaugural Address of the illustrious Third President of the United States of America, Thomas Jefferson who stated at paragraph 5 the following:

> "it may be **the pleasure and pride of an American to ask, what farmer, what mechanic, what laborer, ever sees a tax-gatherer of the United States**?" Emphasis added **bold** mine.

Oh, we need to read that more often. Hopefully, the Trustee will share this with others in her field?

9. Debtor incorporates the entirety of DEBTOR'S OPPOSITION TO CHAPTER 13 TRUSTEE, MARTHA G. BRONITSKY, #127583, Motion to Dismiss Chapter 13 Case for Unreasonable Delay that is Prejudicial to Creditors; Declaration and Notice and Opportunity to Object previously filed of record on August 2, 2023 as though fully reproduced herein in support of this petition to reopen the Chapter 13 petition as a matter of law to address the issue of what specific medium of exchange the various

creditors tendered in their respective "loan of money" among other issues of law raised in said opposition.

## DEBTOR IS AN AMERICAN CITIZEN AND NOT A U.S. CITIZEN AS DEFINED BY THE FOURTEENTH AMENDMENT

10. For the record and for the purpose of clarification regarding the term "United States" the law clearly defines the term "United States" having more than one designation, to wit:

> The term 'United States' may be used in any one of several senses. It may be merely **the** name of a sovereign occupying the position analogous to that of other sovereigns in the family of nations. It may designate **the** territory over which the sovereignty of the United States extends, <u>**or it may be the collective name of the states which are united by and under the Constitution**</u>. *HOOVEN & ALLISON CO. v. EVATT,* 324 U.S. 652, @ 672 (1945) emp added **bold** mine.

Clearly here the Supreme Court has declared that there are three geographical definitions for the term "United States." The third definition applies to California where Debtor currently takes up housekeeping. Further Title 28 U.S.C. § 3002 (15) defines United States:

> (15) "United States" means-
> (A) a Federal corporation;
> (B) an agency, department, commission, board, or other entity of the United States; or
> (C) an instrumentality of the United States.

and Title 26 U.S.C. 7701(9), (10) defines United States and State:

> **(9) United States**
> The term "United States" when used in a geographical sense <u>**includes only the States and the District of Columbia.**</u>
> **(10) State**
> The term "State" shall be construed to include <u>**the District of Columbia, where such construction is necessary to carry out provisions of this title**</u>. Emp added **bold** mine.

11. Wonders of wonders, said definition/s are similar as Title 11 U.S.C. 101 (52), (55) imagine that? Clearly Congress defines the term "United States" to be several things. The foregoing laws begs the question for the purpose of specific clarification, which specific definition for "United States" is being employed in Title 11 U.S.C. 101(55)? For purpose of further clarification, **all federal public servants knew or should have known that the law makes clear distinction between federal and state citizens**, to wit:

> "We have in our political system a government of the United States and a government of each of the several states. **Each one of these governments is distinct from the others**, and each has citizens of its own who owe it allegiance, and whose rights, within its jurisdiction, it must protect. The same person may be at the same time a citizen of the United States and a citizen of a state, but his rights of citizenship under one of these governments will be different from those he has under the other." *United States v. Cruikshank*, 92 U.S. 542 (1875) emp added **bold** mine.

> "It is quite clear, then, that **there is a citizenship of the United States and a citizenship of a state, which are distinct from each other** and which depend upon different characteristics or circumstances in the individual." *Slaughter House Cases*, 83 U.S. 36, 16 Wall. 36; 21 L.Ed. 394 (1873) emp added **bold** mine

> "That there is a citizenship of the United States and a citizenship of a state, and the privileges and immunities of one are not the same as the other is well established by the decisions of the courts of this country. The leading cases upon the subjects are those decided by the Supreme Court of the United States and reported in 16 Wall. 36, 21 L. Ed. 394, and known as the *Slaughter House Cases*." *K. Tashiro v. Jordan*, 256 P. 545, 549 (1927); affirmed 278 U.S. 123 (1928)

> "The privileges and immunities clause of the Fourteenth Amendment protects very few rights because **it neither incorporates any of the Bill of Rights nor protects all rights of individual citizens.** See *Slaughter-House Cases*, 83 U.S. (16 Wall.) 36, 21 L.Ed. 394 (1873). Instead, **this provision protects only those rights peculiar to being a citizen of the federal government**; it does **not protect** those **rights which relate to state citizenship**." *Jones v. Temmer*, 829 F. Supp. 1226 (D.Colo. 1993) emp added **bold** mine.

Clearly Trustee has made the mistake of identifying Debtor as a U.S. Citizen contemplated in the Fourteenth Amendment and Debtor takes time to clear the record that Debtor **is not** a U.S. Citizen as defined herein but rather Debtor is an American!

Case: 23-40678    Doc# 38    Filed: 08/23/23    Entered: 08/23/23 16:01:09    Page 9 of 12

12. Title 42 U.S.C. §1986 is hereby cited in good faith to alert the Trustee and the court for now "having knowledge of the law" and in good faith Trustee should move the court to reopen Debtor's Chapter 13 petition immediately. To do less is immoral, disingenuous, and probably criminal! Thus, you are without excuse! Further the law is well settled on how those dealing with public servant personnel must approach such:

> "It is a well-established rule that the United States is neither bound nor estopped by acts of its officers or agents in entering into an arrangement or agreement **to do or cause to be done what the law does not sanction or permit**." *Utah Power & L. Co. v. United States*, 243 US 389, 409, 61 L ed 791, 818, 37 S Ct 387; *Wilber Nat. Bank v. United States*, 294 US 120, 123, 124, 79 L ed 798, 801, 802, 55 S Ct 362; *United States v. San Francisco*, 310 US 16, 32, 84 L ed 1050, 1061, 60 S Ct 749; *United States v. Stewart*, 311 US 60, 70, 85 L ed 40, 48, 61 S Ct 102. Cf.                emp added **bold** mine.

> "Whatever the form in which the Government functions, anyone entering into an agreement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government **stays within the bounds of his authority** ... and this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority." *Federal Crop Insurance Corporation v. Merrill*, 332 U.S. 380 at 384 (1947). emp added **bold** mine.

13. Debtor firmly believes that one or more of the criteria contained in **FRCP 60** for remedy have been met by Debtor, namely fraud, void judgment, any other reason that justifies relief. Debtor stands ready to complete the Chapter 13 if given the opportunity to do so and further is prepared to settle any and all debts lawfully due consistent with current federal public policy in a medium of exchange in light kind currency dollar for dollar as guaranteed under the provisions of equal protection under the laws of consideration, currency and tender as guaranteed in California Constitution at Article I, Section 7. Debtor has duly tendered the filing fees and should be allowed the right and opportunity to complete the Chapter 13 bankruptcy upon its actual merits and would

hope the court recognizes that right and opportunity and grants this motion in the interest of justice, good faith, fundamental fair dealing which are part and parcel of the foundation of American Jurisprudence.

I declare under penalty of perjury without the United States that the foregoing is true and correct.

Dated  AUG 20ST  2023

Respectfully,

By: Donald J. Runnals

Donald J. Runnals
9 Middle Road
Lafayette, California state

---

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re  
Donald James Runnals

Case No.: 23-40678-WJL13  
(Chapter 13)

**DECLARATION OF SERVICE**

Petitioner/Debtor.
_____/

I, declare as follows:

I am over the age of eighteen years old and not a party to the within action.

On _____AUG 20th_____, A.D. 2023 I served by U.S. Mail a true copy of *Debtor's* **NOTICE OF DEBTOR'S MOTION AND MOTION TO REOPEN CHAPTER 13 CASE AND, IF APPLICABLE, TO VACATE DISMISSAL** in the UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF CALIFORNIA, OAKLAND, CALIFORNIA to:

CA Employment Development Dept., Bankruptcy Group MIC 92E, P.O. Box 826880, Sacramento, CA 94280-0001
CA Franchise Tax Board, Special Procedures Bankruptcy Unit, P.O. Box 2952, Sacramento, CA 95812-2952
State Board of Equalization, Collection Dept., P.O. Box 942879, Sacramento, CA 94279
Labor Commissioner, 1515 Clay St., Room 801, Oakland, CA 94612-1463
Martha G. Bronitsky, Chapter 13 Trustee, P.O. Box 5004, Hayward, CA 94540
U.S. Bankruptcy Court, Office of the U.S. Trustee Oakland, 1300 Clay Street, Oakland, CA 94612
Theron S. Covey, Robertson, Anschutz, Schneid & Crane, LLP, 350 10th Ave, Ste 1000, San Diego, CA 92101-8705
Nicole Glowin, ZBS Law, LLP, 30 Corporate Park Ste 450, Irvine, CA 92606-3401

And that I served the same by depositing in an envelope a copy of the above stated documents, sealed the same and paid the required postage for mailing which was sent to the address herein which has service for U.S. Mail available.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: 8/20/23      By *[signature]*